Jan D. Sokol, OSB #780873
jdsokol@lawssl.com
Mario R. Nicholas, OSB #141663
mnicholas@lawssl.com
STEWART SOKOL & LARKIN LLC
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
Telephone: (503) 221-0699
Facsimile: (503) 223-5706

*Attorneys for Plaintiff Hudson Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| HUDSON INSURANCE COMPANY, a Delaware corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KLAMATH SUPERIOR MOTOR COMPANY, INC., an Oregon corporation; MEADOR MOTORS, INC., abn PHIL MEADOR SUBARU, an Idaho corporation; ZACHARY J. TAYLOR, an individual; DOROTHY M. SILANI, an individual; KRISTI SINGLETON, an individual; GLEN R. SITZ, an individual; NEIL A. WESTFALL, an individual; and RALPH STEARNS, an individual,<br><br>　　　　　　　　　　　Defendants. | Case No.<br><br>COMPLAINT<br>(Interpleader [28 U.S.C. § 1335]; Breach of Indemnity Agreement) |

　　　　For its Complaint, Plaintiff Hudson Insurance Company ("Hudson") alleges as follows:

**JURISDICTION AND VENUE**

　　　　1.　　Jurisdiction is proper in this Court under 28 U.S.C. § 1335 because there are two or more adverse claimants, of diverse citizenship, claiming to be entitled to a

COMPLAINT - 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

fund of $500 or more.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this jurisdiction.

## PARTIES

3.  Plaintiff Hudson is a Delaware corporation with its principal place of business in New York County, New York. Plaintiff Hudson is authorized to post surety bonds in Oregon.

4.  Defendant Klamath Superior Motor Company, Inc. ("Klamath") is now, and at all relevant times was, an Oregon corporation with its principal place of business in Klamath County, Oregon.

5.  Defendant Meador Motors, Inc. abn Phil Meador Subaru ("Meador") is now, and at all relevant times was, an Idaho corporation with its principal place of business in Bannock County, Idaho.

6.  Defendant Zachary J. Taylor ("Taylor") is, on information and belief, a citizen and resident of Seminole County, Florida.

7.  Defendant Dorothy M. Silani ("Silani") is, on information and belief, a citizen and resident of Klamath County, Oregon.

8.  Defendant Kristi Singleton ("Singleton") is, on information and belief, a citizen and resident of Klamath County, Oregon.

9.  Defendant Glen R. Sitz ("Sitz") is, on information and belief, a citizen and resident of Klamath County, Oregon.

10. Defendant Neil A. Westfall ("Westfall") is, on information and belief, a citizen and resident of Klamath County, Oregon.

11. Defendant Ralph Stearns ("Stearns") is, on information and belief, a citizen and resident of Klamath County, Oregon.

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

12. Defendants Meador, Taylor, Silani, Singleton, Sitz, Westfall and Stearns are referred to collectively herein as "Claimants."

## FIRST CLAIM FOR RELIEF

### (Interpleader – Against Claimants)

13. Hudson, as surety, posted a motor vehicle dealer bond, No. 10018246, on or about October 27, 2014, in the penal sum of $40,000.00 on behalf of Klamath, as principal, payable to the State of Oregon, as obligee (the "Bond").

14. Claimants have asserted, or may assert, claims against the Bond, which, in the aggregate, exceed Hudson's obligations as surety under the Bond. Hudson hereby makes available, subject to further order of this Court, the sum of $40,000.00, minus attorneys' fees, costs and disbursements incurred herein, for the payment of such Claimant(s) who may establish their claims and may be entitled proportionately to share in the aggregate remaining penal limit of the Bond.

15. Pursuant to 28 U.S.C. §§ 1335 and 2361, it would be just and proper for the Court to exonerate and discharge Hudson upon tender of the Bond proceeds with respect to all of its obligations and liabilities as surety under said Bond, to require Claimants, and each of them, to interplead and settle amongst themselves their rights, if any, to the net penal limit of the Bond, and to enjoin and restrain Claimants, and each of them, from making any claims against Hudson on account of the Bond, or from filing or prosecuting any lawsuits against Hudson on the Bond, except in this interpleader action.

16. It would be just and proper to award Hudson out of the proceeds made available to this Court, Hudson's attorneys' fees, costs and disbursements incurred in the filing of and service of this lawsuit.

17. Hudson has no plain, speedy or adequate remedy at law.

///

///

COMPLAINT - 3

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

## SECOND CLAIM FOR RELIEF

### (Breach of Indemnity Agreement – Against Klamath)

18. Hudson incorporates and re-alleges the allegations of the First Claim for Relief herein.

19. In partial consideration for the posting of the Bond, David Fleming-Jones, individually and on behalf of Klamath, executed in favor of Hudson an Indemnity Agreement (the "Indemnity Agreement"). Under the Indemnity Agreement, Klamath agreed to indemnify Hudson and hold Hudson harmless against all loss, liability, costs, claims, damages and expenses, including but not limited to attorneys' fees, of whatever kind or nature that Hudson incurred in connection with the Bond.

20. Under the terms of the Indemnity Agreement, Hudson is entitled to recover its reasonable attorneys' fees incurred, which may be awarded by the Court.

21. Hudson has performed all conditions precedent, conditions and obligations on its part to be performed, and has no plain, speedy or adequate remedy at law.

22. As a direct result of Klamath's breach of the Indemnity Agreement, Hudson is entitled to a judgment against Klamath in the amount of all sums that Hudson incurs to pay Claimants, and for costs, fees and other damages that Hudson sustains as a result of posting the Bond. Without limitation, Hudson is entitled to a judgment against Klamath for the following amounts: (a) the amount that Hudson deposits with the Court in connection with this interpleader action; (b) the amount that Hudson has incurred to investigate, analyze and respond to claims; (c) the amount that Hudson incurs for attorneys' fees and costs associated with this action; and (d) any fees and costs that Hudson incurs in the collection of amounts awarded in favor of Hudson herein.

///

///

COMPLAINT - 4

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

WHEREFORE, Hudson prays for relief as follows:

1.  On its First Claim for Relief:

    a.  A judgment enjoining and restraining Claimants, and each of them, from filing or prosecuting suit or action against Hudson on account of its obligations under the Bond, except in this interpleader action;

    b.  A judgment declaring and determining the rights of Claimants and the validity of their claims under the Bond, and in the event the amount of said claims exceed the remaining penal limit of the Bond, $40,000.00, appropriately pro-rating said amount among Claimants whose claims have been validated by this Court, and in the event the amount of said claims do not exceed the remaining penal limit of the Bond, $40,000.00, disbursing any remaining, unclaimed Bond funds to Hudson;

    c.  A judgment exonerating and discharging Hudson with respect to all of its obligations or liabilities under the Bond; and

    d.  A judgment awarding Hudson, out of the funds made available to the Court, Hudson's costs and disbursements incurred herein, including filing, publication and service fees, together with Hudson's reasonable attorneys' fees incurred in bringing and prosecuting this action.

2.  On its Second Claim for Relief, a judgment in favor of Hudson, and against Klamath, in the amount of all sums that Hudson incurs to pay Claimants, and for costs, attorneys' fees and other damages that Hudson sustains as a result of posting the Bond, including without limitation: (a) the amount that Hudson deposits with the Court in connection with this interpleader action; (b) the amount that Hudson has incurred to investigate, analyze and respond to claims; (c) the amount that Hudson incurs for attorneys' fees and costs associated with this action; and (d) any fees and costs that Hudson incurs in the collection of amounts awarded in favor of Hudson herein, together with interest thereon from the date said amount is paid until repaid.

COMPLAINT - 5

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

      3.     On all Claims for Relief, for such other and further relief as the Court deems just and equitable.

DATED this 23rd day of June, 2017.

                      STEWART SOKOL & LARKIN LLC

                      By: *s/ Mario R. Nicholas*
                           Jan D. Sokol, OSB #780873
                           jdsokol@lawssl.com
                           Mario R. Nicholas, OSB #141663
                           mnicholas@lawssl.com
                           *Attorneys for Plaintiff Hudson Insurance Company*

COMPLAINT - 6

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706