IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


HUDSON INSURANCE COMPANY,
a Delaware corporation,

    Plaintiff,

v.

KLAMATH SUPERIOR
MOTOR COMPANY, INC., an Oregon
corporation; MEADOR MOTORS,
INC., an Idaho corporation,
a/b/n, Phil Meador Subaru; ZACHARY J.
TAYLOR, an individual;
DOROTHY M. SILANI, an individual;
NEIL A. WESTFALL, an individual;
GLEN R. SITZ, an individual; and
RALPH STEARNS, an individual,

    Defendants.

Case No. 1:17-cv-00984-CL

OPINION & ORDER

---

CLARKE, Magistrate Judge.

This is an interpleader action brought by Plaintiff Hudson Insurance Company ("Hudson") to resolve competing claims to a $40,000 motor vehicle dealer bond held by Hudson on behalf of Defendant Klamath Superior Motor Company, Inc. ("Klamath"). At issue is how to properly disburse the bond among the competing claimants.

## FACTUAL BACKGROUND

On June 23, 2017, Hudson, Klamath's surety, posted a $40,000 motor vehicle bond with the Court on Klamath's behalf. Hudson alleged that the claimants have or would assert claims against the bond. The claimants are individuals and businesses who either placed motor vehicles on consignment with Klamath to be marketed for sale, entered into purchase agreements with Klamath to buy motor vehicles, or sold motor vehicles to Klamath. Each claimant contends Klamath either failed to pay the amount agreed upon in the consignment agreement or purchase order or failed to deliver possession of a motor vehicle after receiving the necessary payment. ORS § 822.030 entitles any person to a right of action against a motor vehicle bond "if the person suffers any loss or damage by reason of the vehicle dealer's [Klamath's] fraud, fraudulent representations or violations of provisions of the vehicle code relating to . . . [t]he transfer . . . of vehicles."

Hudson alleged that the aforementioned claims exceeded the value of the bond, exposing it to multiple and vexatious litigation unless it was allowed to interplead the disputed funds into the Registry of the Court for determination of the claimants' rights. Accordingly, on October 27, 2017, Hudson moved for a court order requiring the disputed funds to be deposited with the Registry of the Court, discharging it from any further liability as to the disputed funds, and enjoining all parties to this action from commencing any other action against Hudson concerning the disputed funds. Hudson also moved for $4,395.00 in costs and attorney fees to be paid from

the bond proceeds, as well as for an order to set aside a *pro rata* share of the interpleaded funds for Claimant Zachary J. Taylor, who is deployed overseas on active-duty military service. The parties stipulated to Hudson's motion, and the Court granted it.

Now at issue is how to disburse the remaining amount of the deposited funds among the claimants—Dorothy M. Silani, Neil A. Westfall, Kristi Singleton, Ralph Stearns, Glen R. Sitz, Zachary J. Taylor, and Meador Motors, Inc. All claimants, save for Mr. Taylor, have moved for summary judgment; each asks that the proceeds first be paid on a *pro rata* basis to the named claimants who have obtained judgment against the proceeds. Then, if any balance remains, the claimants ask that non-consumer creditors who also have obtained judgment be paid on a *pro rata* basis, with any remaining balance then remitted to Hudson. *See* Silani & Westfall Mot. for Summ. J. [CM/ECF No. 40.]; Sitz Mot. for Summ. J. [CM/ECF No. 48.]; Stearns Mot. for Summ. J. [CM/ECF No. 50.]; Meador Motors Mot. for Summ. J. [CM/ECF No. 52.]; Singleton Mot. for Summ. J. [CM/ECF No. 55.]. No claimant challenges any other claimant's claim to the deposited funds; in fact, each of the six claimants who filed for summary judgment attached copies of their contractual agreements demonstrating their entitlement to a share of the deposited funds.

## LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may

only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Id.* at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995).

## DISCUSSION

"Interpleader is a two-stage action. In the first stage, the Court determines whether interpleader is appropriate," and in the second, the Court ascertains the merits of the competing claims. *Williams v. Lincoln Nat'l Life Ins. Co.*, 121 F. Supp. 3d 1025, 1029 (D. Or. 2015). A statutory interpleader claim, such as that brought by Hudson, requires (1) claims to a stake valued at $500 or more; (2) by two or more claimants of diverse citizenship; and (3) a deposit by the plaintiff to the stake claimed or a bond to ensure the plaintiff's compliance with the court order. 28 U.S.C. § 1335.

Here, no party disputes that interpleader is appropriate. The bond—the stake—is valued at $40,000; two or more claimants are of diverse citizenship, with claimants residing in Idaho, Oregon, and Florida; and, finally, Hudson has deposited the bond with the Registry of the Court.

Consequently, the first stage of interpleader is satisfied. The only issue that remains is to ascertain the respective rights of the claimants.

### I. The claimants' respective rights to the bond

After assessing the claimants' competing claims to the bond, the Court finds that no dispute exists as to each claimants' right to a share of the bond proceeds, and the Court holds that the bond should be distributed to the claimants on a *pro rata* basis. Funds should be distributed on a *pro rata* basis when all claimants have equal priority to the stake. The case *Hebel v. Ebersole*, 543 F.2d 14 (7th Cir. 1976) sets forth this principle clearly and succinctly. *Hebel* was an interpleader action involving three claimants seeking to recover funds held by a bank. *Id.* at 16. The three claimants had each sold cattle to the defendant, who proceeded to consign the cattle to an auctioneer. *Id.* The stake consisted of the proceeds of the auctioneer's sale. *Id.* The Seventh Circuit upheld the district court's *pro rata* distribution of the funds, noting that "[t]he case at bar involves neither secured obligations nor a proceeding in bankruptcy. The parties' claims to the fund are of the same nature, and [thus] we approve the district court's pro rata distribution." *Id.* at 18.

Here, as in *Hebel*, all of the remaining claimants' "claims to the funds are of the same nature." Each claimant contends Klamath either breached a consignment agreement or breached a purchase order, and, as with *Hebel*, this case neither involves a secured obligation nor a proceeding in bankruptcy. In such cases, "a federal court will distribute interpleaded funds *pro rata.*" *Fidelity Bank v. Commonwealth Marine and Gen. Assurance Co., Ltd.*, 581 F. Supp. 999, 1019 (E.D. Pa. 1984).

Next, as stated, each of these claimants, with the exception of Mr. Taylor, who is overseas on active-duty military service, has provided proof of their claim. No party disputes the

veracity of these claims. And, as for Mr. Taylor's claim, the parties have stipulated, and the Court has ordered, that a *pro rata* share of Mr. Taylor's $6,000 claim be set aside in the Registry of the Court for potential recovery by Mr. Taylor after returning from active-duty military service.[1] Accordingly, no genuine dispute exists as to the merit of the claimants' competing claims, and the Court accepts as true each claimant's right to a *pro rata* share of the bond.

*Pro rata* means "proportionately according to an exactly calculable factor (such as share or liability)." Webster's Ninth New Collegiate Dictionary 944 (1985). Thus, for example, if proceeds are sufficient to pay only a percentage of the funds—for instance, 30 percent—each claimant receives 30 cents on the dollar.

Here, each claimant makes the following claim to the bond: Neil A. Westfall and Dorothy M. Silani together seek $21,169.20; Glen R. Sitz seeks $14,500.00; Ralph Stearns seeks $11,000; Meador Motors, Inc., seeks $23,390.00; Kristi Singleton seeks $18,330.98; and Zachary J. Taylor seeks $6,000. The sum of these claims is $94,390.18.

The value of the bond, after discounting Hudson's $4,395.00 in costs and attorney fees, is $35,605.00, or 37.72 percent of the $94,390.18 figure. Each claimant is therefore entitled to 37.72 cents on the dollar. Thus, in sum, Neil A. Westfall and Dorothy M. Silani are entitled to $7,985.02; Glen R. Sitz is entitled to $5,469.40; Ralph Stearns is entitled to $4,149.20; Meador Motors, Inc., is entitled to $8,822.71; Kristi Singleton is entitled to $6,914.45; and Zachary J. Taylor is entitled to $2,263.20.[2]

/ / /

/ / /

---

[1] If Mr. Taylor later withdraws his claim, or his claim is denied upon his return, the funds set aside for him will be disbursed to the remaining claimants on the same *pro rata* basis as calculated herein. *See* Order for Interpleader Disbursement, at 3-4 [CM/ECF No. 38.].

[2] The slight difference in the sum of the claimants' *pro rata* shares as compared to the $35,605.00 is the result of a rounding error. This remaining balance, and any interest that has accumulated since the bond was deposited into the Registry, shall be distributed to the parties on the same *pro rata* basis as above.

**ORDER**

For the reasons stated above, the Court orders that the bond, Vehicle Dealer Bond No. 10018246, be distributed to the claimants in a *pro rata* fashion, such that Neil A. Westfall and Dorothy M. Silani are entitled to $7,985.02; Glen R. Sitz is entitled to $5,469.40; Ralph Stearns is entitled to $4,149.20; Meador Motors, Inc., is entitled to $8,822.71; Kristi Singleton is entitled to $6,914.45; and Zachary J. Taylor is entitled to $2,263.20. Any remaining balance, including interest that has accumulated since the bond was deposited into the Registry, shall also be distributed to the parties *pro rata*. No remainder exists to be remitted to Hudson.

IT IS SO ORDERED and DATED this ____ day of February, 2018.

MARK D. CLARKE
United States Magistrate Judge