IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

HUDSON INSURANCE COMPANY,
a Delaware corporation,

Plaintiff,

v.

KLAMATH SUPERIOR
MOTOR COMPANY, INC., an Oregon
corporation; MEADOR MOTORS,
INC., an Idaho corporation,
a/b/n, Phil Meador Subaru; ZACHARY J.
TAYLOR, an individual;
DOROTHY M. SILANI, an individual;
NEIL A. WESTFALL, an individual;
GLEN R. SITZ, an individual; and
RALPH STEARNS, an individual,

Defendants.

Case No. 1:17-cv-00984-CL

OPINION & ORDER

CLARKE, Magistrate Judge.

This case comes before the court on an unopposed motion for award of attorney fees (#78) in the sum of $1,535.00 brought by Plaintiff Hudson Insurance Company ("Hudson") against Defendant Klamath Superior Motor Company ("Klamath") pursuant to Fed. R. Civ. P. 54(d). Having reviewed the proceedings, the agreement between the parties, and the amount of fees sought, the Court has determined that Plaintiff's attorney is entitled to the fees requested. Motion for award of attorney fees (#78) is GRANTED.

## PROCEDURAL BACKGROUND

This action was filed on June 23, 2017 (#1). The First Amended Complaint was filed on July 17, 2017 (#15). Klamath was served on August 9, 2017, with an Affidavit of Service filed on August 15, 2017 (#22). Klamath did not appear or otherwise defend in this action and, on August 15, 2017, Hudson sought entry of default as to Klamath and a Clerk's Entry of Default was entered on the same day (#32, #34). The Court entered Default Judgment against Defendant Klamath on June 26, 2018 (#77). Hudson timely filed this motion for attorney fees under the Default Judgment entered against Klamath and the terms of the General Indemnity Agreement executed by Klamath.

## DISCUSSION

Hudson cites to the General Indemnity Agreement executed by Klamath, which was the subject of this action, in support of its motion to recover its attorney fees. The General Indemnity Agreement provides that "Surety shall be entitled to recover its reasonable attorney's fees and costs of collection incurred in the enforcement of this Indemnity Agreement or collection of amounts due hereunder." (#79). Hudson seeks an award of fees in the sum of $1,535.00, which is calculated by deducting the amount previously awarded to Hudson as reimbursement for its attorneys' fees ($4,395.00 [#65]) from the total amount of Hudson's attorneys' fees in this matter

($5,930.00). Having reviewed the accounting record of the fees sought, the Court concludes that the fees are reasonable and warranted in this case.

IT IS SO ORDERED and DATED this ___7___ day of September, 2018.

_____
MARK D. CLARKE
United States Magistrate Judge