IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

HUDSON INSURANCE COMPANY,

    Plaintiff,

vs.

KLAMATH SUPERIOR MOTOR
COMPANY INC., et al.,

    Defendants.

Case No. 1:17-cv-00984-CL

**OPINION AND ORDER**

AIKEN, District Judge:

This case comes before the Court on a Findings and Recommendation ("F&R") (doc. 89) issued by United States Magistrate Judge Mark Clarke. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72.

This is a statutory interpleader action brought by plaintiff Hudson Insurance Company ("Hudson") to resolve competing claims to a $40,000 motor vehicle dealer bond held by Hudson on behalf of defendant Klamath Superior Motor Company, Inc. ("Klamath Superior"). One claimant, Zachary J. Taylor, was overseas on active-duty

military service with the United States Air Force when the action was filed. Shortly after the action was filed, he communicated with Hudson's attorneys via email. Taylor informed Hudson's attorneys that he was overseas on active-duty service and that regular communication with them would be difficult. He also informed them that Klamath Superior owed him $6,000 and expressed interest in pursuing his claim. Eventually, Taylor stopped replying to Hudson's attorney's emails. He was not served, did not waive service, and has not otherwise appeared before the court.

On the stipulation of the parties who did appear, the Court set aside a share of the interpleaded funds for Taylor. Then, the Court determined the claimants' relative shares and ordered that the remainder of the bond be distributed to the other claimants in a *pro rata* fashion. The case remained open to give Taylor an opportunity to file his claim and potentially recover his share following his return from active-duty service.

When Taylor did not appear for over a year, Judge Clarke ordered Taylor to submit his claim form or withdraw his claim within 90 days and warned him that failure to respond would result in dismissal of his claim. (Doc. 87). Taylor did not respond, and Judge Clarke issued a Findings and Recommendation (doc. 89) recommending that Taylor's claim be dismissed and the parties be ordered to submit a proposed order to withdraw the remaining funds and interest. The matter is now before me.[1]

---

[1] No objections were timely filed. Although this relieves me of my obligation to perform a *de novo* review, I retain the obligation to "make an informed, final determination." *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), *overruled on other grounds*, *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en banc). The Magistrates Act does not specify

The record shows that no process was served upon Taylor and that Taylor did not formally waive service or file any pleading. Taylor does not appear to have communicated with the Court, formally or informally. Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process or the defendant's consent to the court's exercise of jurisdiction. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Accordingly, the Court does not have personal jurisdiction over Taylor and cannot dismiss his claim with prejudice.

Ordinarily, service must be accomplished by employing one of the methods authorized in Rule 4(e). And, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). That rule does not apply, however, to service in a foreign country. *Id.*

Rule 4(f) governs service of an individual in foreign country and demonstrates the complexity of the procedures that may be involved in effecting service internationally. Under Rule 4(f), such individual may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

---

a standard of review in cases where no objections are filed. *Ray v. Astrue*, No. 3:11-cv-69-ST, 2012 WL 1598239, *1 (D. Or. May 7, 2012). Following the recommendation of the Rules Advisory Committee, I review the F&R for "clear error on the face of the record[.]" Fed. R. Civ. P. 72 advisory committee's note (1983) (citing *Campbell v. United States District Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002) (stating that, "[i]n the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of" a federal rule).

> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). The time to effect service will depend on the authority followed, but generally exceeds the 90-day deadline in Rule 4(m). *See* Fed. R. Civ. P. 4 advisory committee's note (2016) (explaining the amendment to subsection 4(f)).

Some general authorities suggest that it may be possible to proceed in an interpleader action where personal jurisdiction over a defendant cannot be obtained. *See* 48 C.J.S. Interpleader § 20 ("[W]here the court has jurisdiction of the subject matter of the suit, it may be entitled to decide issues relating to the res even though jurisdiction of the litigants cannot be obtained."). However, on the record before the Court, there is no basis to conclude that personal jurisdiction over Taylor could not be obtained.

Accordingly, Hudson is ordered to serve Taylor within 120 days of the entry of this order or show cause why he cannot be served by filing a status report with the Court that explains the steps that Hudson has taken to find, contact, and serve Taylor and how the parties propose the Court should proceed in this matter.

## CONCLUSION

For the reasons stated above, Hudson is ordered to serve Zachary J. Taylor or show cause why he cannot be served within 120 days of the entry of this Order. Failure to comply with the Court's order will result in the dismissal of defendant Zachary Taylor from this action without prejudice.

IT IS SO ORDERED.

Dated this 26th day of November 2019.

_____
Ann Aiken
United States District Judge